IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL W. BLAKE and : | CIVIL ACTION |
| JOAN K. BLAKE, his wife : | NO. 02-CV-04774 |
| and : | |
| GEORGE NAYLOR and : | CLASS ACTION |
| DIANE C. NAYLOR, his wife, : | |
| : | JURY TRIAL DEMANDED |
| on behalf of themselves and all : | |
| similarly situated : | |
| : | |
| v. : | |
| : | |
| LOGS FINANCIAL SERVICES, INC. : | |
| SHAPIRO & KREISMAN : | |
| : | |
| Defendants. : | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, LOGS Financial Services, Inc. ("LOGS") and Shapiro & Kreisman ("S&K") (collectively "Defendants"), hereby answer the Complaint in this matter.

1.   Admitted in part and denied in part. Defendants lack information sufficient to form a belief as to the citizenship of plaintiffs, and therefore deny this averment. Defendants admit that Plaintiffs reside at the addresses set forth. All other allegations of this paragraph are denied.

2.   Admitted, except as to footnote 1, which is denied as a conclusion of law.

3.   Admitted in part and denied in part. It is admitted only that the principal place of business of LOGS is as averred. All other averments of this paragraph are denied.

4. Admitted in part and denied in part. It is admitted only that LOGS operates on a national basis and that Exhibit A is a (truncated) copy of a description of LOGS. All other averments of this paragraph are denied.

5. Admitted in part and denied in part. It is admitted only that the principal business of S&K is the legal representation of mortgage services; that various collection, foreclosure and bankruptcy matters are sent to it by, among others, LOGS; and that the local office is located at the stated address. The averment that S&K is a debt collector under 15 U.S.C. § 1692a(6) is denied as a conclusion of law. All other averments of this paragraph are denied.

6. Denied, because the word "principals" is not defined and the averment is therefore vague and ambiguous. It is admitted that Exhibit B contains (truncated) copies of biographical sketches of Messrs. Shapiro and Kreisman.

7. Denied, except that it is admitted only that this paragraph purports to refer to John Does.

8.-9. Denied. The averments of these paragraphs are introductory and conclusory in nature, and therefore require no response. To the extent a response is required, Defendants deny the averments.

10.-11. The averments of these paragraphs are denied as conclusions of law.

12. Denied. The averments of this paragraph are introductory and conclusory in nature, and therefore require no response. To the extent a response is required, Defendants deny the averments.

13.-15.    Denied.  The averments of these paragraphs are conclusory in nature, and are vague and ambiguous because they fail to identify the documents to which they purportedly refer, and therefore do not require a response.  To the extent a response is required, Defendants deny the averments.

16.-17. Denied.  The averments of these paragraphs are vague, ambiguous, overbroad and conclusory, and are therefore denied.

18.    Denied, except it is admitted only that Plaintiffs characterize their complaint as described in this paragraph.  To the extent this paragraph could be construed to contain any averments of fact, all such averments are denied.

19.-20. The averments of these paragraphs are denied as conclusions of law.  To the extent this paragraph could be construed to contain any averments of fact, all such averments are denied.

21.    The averments of this paragraph are denied as conclusory or as conclusions of law, except that: as to ¶ b(1), it is admitted that the Blakes are mortgagors on a loan serviced by WAMU; as to ¶ b(2), it is admitted that the Blakes executed a Note and Mortgage; as to ¶ b(3)-(4), denied, as the Note speaks for itself, and further denied that Exhibit C is a legible or complete copy of the Note; as to b(5), denied, as the Note speaks for itself and denied as a conclusion of law; as to b(6), denied that Blakes have been assessed any improper late charges, and denied that the unidentified exhibits establish to the contrary; as to b(7), denied, as Exhibit E speaks for itself, and further denied this document evidences a WAMU corporate policy; as to b(8), admitted; as to b(9), it is admitted only that the bankruptcy matter was referred to LOGS, but denied that LOGS provided any legal representation, and denied that there was any attempt to collect improperly assessed late fees; as to c(1) (improperly numbered b(1)) it is

admitted only that the Naylors are homeowners and mortgagors; as to c(2), it is admitted that the Naylors executed a Note and Mortgage; as to c(3)-(4), denied as the Note speaks for itself; as to c(5), denied, as the Note speaks for itself and denied as a conclusion of law; as to c(6), denied; as to c(7), denied; as to c(7)(i)-(iii), denied as the documents referred to speak for themselves, except admitted only that Diane Naylor (but not George Naylor) was a debtor in bankruptcy; and as to c(8)-(11), denied as conclusions of law or conclusory statements to which no response is required, and denied to the extent any factual averments may be contained therein.

      22.-23. The averments of these paragraphs are denied as conclusions of law. To the extent these paragraphs could be construed to contain any averments of fact, all such averments are denied.

      24.    Defendants hereby incorporate by reference, as if set forth in full, their responses to Paragraphs 1-23 above.

      25.-26. The averments of these paragraphs are denied as conclusions of law.

      27.-31. The averments of these paragraphs are denied as conclusions of law. To the extent these paragraphs could be construed to contain any averments of fact, all such averments are denied.

      32.    Defendants hereby incorporate by reference, as if set forth in full, their responses to Paragraphs 1-31 above.

      33.-37. The averments of these paragraphs are denied as conclusions of law. To the extent these paragraphs could be construed to contain any averments of fact, all such averments are denied.

      38.    Defendants hereby incorporate by reference, as if set forth in full, their responses to Paragraphs 1-37 above.

39.-42. The averments of these paragraphs are denied as conclusions of law. To the extent these paragraphs may be construed to contain any averments of fact, all such averments are denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' federal claim is barred by the exclusivity of the Bankruptcy Code, and the remaining claims are barred by federal preemption.

3. Plaintiffs' claims arising out of the filing of foreclosure documents in court are barred by the litigation privilege.

4. Plaintiffs' claims are barred by the principles of *res judicata* and/or collateral estoppel, or similar concepts, arising out of the bankruptcy and foreclosure proceedings referenced in the complaint.

5. Plaintiffs' claims are barred by their failure to raise them in their bankruptcy cases, or by the orders entered in their bankruptcy cases.

6. Plaintiffs' FDCPA claims are barred by the statute of limitations.

7. Plaintiffs' equitable relief claim is barred by laches/and the doctrine of unclean hands.

8. Plaintiffs' claims are barred by the estoppel and waiver.

9. Plaintiffs lack standing to bring the claims asserted in the Complaint

10. Plaintiffs George and Diane Naylor lack standing to bring the claims asserted

in the complaint because, if they were viable claims, they would belong to Diane Naylor's bankruptcy estate.

11. Plaintiffs' claims are barred by the voluntary payment doctrine.

12. Plaintiffs' claims are barred by compromise and release.

13. Plaintiffs' claims are barred because Defendants acted in good faith at all times. Defendant Shapiro & Kreisman acted based upon the information provided. Assuming *arguendo* any violation was committed, such alleged violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of appropriate procedures to avoid any such error.

14. With respect to absent putative class members, Defendants reserve all affirmative defenses, including all applicable affirmative defenses set forth above.

15. With respect to Count III, in the event a class were to be certified, Defendants hereby incorporate all defenses available to them under the applicable statutes of all 50 states.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs, with costs and such other relief as the Court may deem appropriate.

                                                    _____
                                                    Darryl J. May
                                                    BALLARD SPAHR ANDREWS &
                                                         INGERSOLL, LLP
                                                    1735 Market Street, 51st Floor
                                                    Philadelphia, PA 19103
                                                    (215) 864-8103

                                                    Attorney for Defendants
                                                    LOGS Financial Services, Inc. and
                                                    Shapiro & Kreisman

Dated:  October 18, 2002

## **CERTIFICATE OF SERVICE**

I, Darryl J. May, Esquire, do hereby certify that I caused a copy of the foregoing Defendants' Answer to Complaint to be served on October 18, 2002, by first class mail, postage prepaid, upon the following counsel of record:

> Stuart A. Eisenberg, Esquire
> Carol B. McCullough
> McCullough & Eisenberg, P.C.
> 530 West Street, Suite 201
> Warminster, PA 18974

_____
Darryl J. May